UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE MINEAU,

Plaintiff,

v.                                                            Case No. 17-C-1305

JEREMIAH VAN HECKE, et al.,

Defendant.

## SCREENING ORDER

Plaintiff Terrance Mineau, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.41. Plaintiff's motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim

is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v.

*Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required

to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R.

Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts

the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*,

729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Mineau's complaint arises from an ultimately denied motion to recuse that Mineau filed with

Judge McGinnis in his Wisconsin criminal case 2012-CF-773. Mineau alleges that he filed a motion

for recusal with Judge McGinnis and that at the final conference hearing for that case Judge

McGinnis stated that he referred the motion for recusal to Jeremiah Van Hecke, the executive

director of the Wisconsin Judicial Commission.[1] Van Hecke responded to Judge McGinnis's referral.

Judge McGinnis subsequently denied Mineau's motion for recusal. Mineau alleges that the

---

[1] The Wisconsin Judicial Commission is tasked to monitor judicial conduct and "invites judges who seek informal guidance on contemplated conduct . . . to contact its executive director." *See Wisconsin Judicial Commission*, Wisconsin Court System, https://www.wicourts.gov/courts/committees/judicialcommission/index.htm.

communication between Judge McGinnis and Van Hecke "led directly to [his] current conviction.[2]" ECF No. 1 at 3.

Additionally Mineau alleges that prior to the denial of his motion to recuse, he filed a complaint with the Wisconsin Judicial Commission alleging improper and prejudicial comments by Judge McGinnis. Mineau states that the Commission denied his claims on June 29, 2017. As relief, Mineau demands "monetary damages for using confidential information, which led up to my conviction of 8 years." *Id*. at 5. Mineau argues that this was a violation of his due process rights.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Reading Mineau's complaint liberally, as I must do at this stage of the proceedings, he seeks to bring a claim for violation of his constitutional due process rights under 42 U.S.C. § 1983 for the denial of his motion for recusal.

However, Mineau's entire complaint is barred by the doctrine of *Heck v. Humphries*, 512 U.S. 477 (1994). Under *Heck*, a "convicted criminal who brings a civil rights suit that if successful would demonstrate the invalidity of his conviction *must show* that the conviction has been invalidated." *Id*. at 487 (emphasis added); *see also McCurdy v. Sheriff of Madison Cty.*, 128 F.3d

---

[2] The court takes judicial notice that Mineau pled guilty in his previous criminal case, 2012-CF-773. *State v. Mineau*, No. 2012CF773 (Brown Cty. Cir. Ct.); s*ee GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 81 (7th Cir. 1997) (explaining that a district court may take judicial notice of matters of public record). He was not convicted by the judge, as his allegations imply. However, he analysis of Mineau's current complaint does not change regardless of whether he was convicted or whether he pled guilty.

1144 (7th Cir. 1997). However, Mineau has not alleged that his conviction has been invalidated.[3]

Because Mineau's success in this case would implicitly invalidate his state court conviction, he

cannot proceed unless he shows that his conviction has already been invalidated.

However, even if Mineau's claims were not barred by the *Heck* doctrine, Mineau fails to state

a claim against any of the defendants. *See Polzin v. Gage*, 636 F.3d 834, 837 38 (7th Cir. 2011)

(holding that a district court may bypass *Heck* and address the merits of the case). Mineau cannot

bring a claim against Judge McGinnis for the results of his criminal conviction. Judicial immunity

provides judges absolute immunity from their judicial acts, even if they act maliciously or corruptly.

*Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a corrupt

or malicious judge, but rather for the benefit of the public, which has as interest in having a judiciary

that is free to exercise its judicial functions without the fear of harassment by unsatisfied litigants.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore, Judge McGinnis has absolute judicial

immunity for the judicial actions he took and his ultimate decision in the denial of Mineau's motion

for recusal.

Additionally, any claim against Van Hecke for his investigation of Mineau's complaint about

Judge McGinnis is also protected by quasi-judicial immunity. *See Tocholke v. Wagner*, No. 07-C-

0831, 2008 WL 302369, at *3 (E.D. Wis. 2008) (citing *Kissell v. Breskow*, 579 F.2d 425, 430 (7th

Cir. 1978)) (explaining that the executive director of the Wisconsin Judicial Commission has quasi-

judicial immunity for his investigations into attorneys and judges). Likewise, any claim against Van

---

[3] Rather, it appears that Mineau's conviction is still on appeal. *State v. Mineau*, No. 2012CF773 (Brown Cty. Cir. Ct.).

Hecke for information he sent to Judge McGinnis in response to Judge McGinnis's referral of Mineau's motion for recusal is protected by quasi-judicial immunity. *Id*.

Lastly, Mineau cannot bring a claim against the Wisconsin Judicial Commission because it is a state agency and not a "person" within the meaning of 42 U.S.C. § 1983 and is otherwise entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58 (1989); *see also Thomas v. Illinois*, 697 F.3d 612, 613  14 (7th Cir. 2013).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (explaining that a complaint barred by *Heck* is considered legally frivolous and counts as strike).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.59 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.  If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**SO ORDERED** this ___20th___ day of October, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.